# EXHIBIT "A"

IN THE CIRCUIT COURT, OF THE FOURTH JUDICIAL CIRCUIT,
IN AND FOR NASSAU COUNTY, FLORIDA

JAX FOODS LLC,

Plaintiff,

v. CASE NO.:
DIVISION:

MCDONALD'S CORPORATION,

Defendant.
_________________________________/

**COMPLAINT**

Plaintiff, Jax Foods LLC, by and through undersigned counsel, sues Defendant, McDonald's Corporation, and says:

**GENERAL ALLEGATIONS**

1. This is an action to (a) quiet title to real property located in Nassau County, Florida, (b) for damages due to the slander of title in excess of $50,000.00 exclusive of prejudgment interest costs and attorney's fees, and (c) for declaratory relief in accordance with Ch. 86, Fla. Stat. Therefore, jurisdiction is appropriate in this Court.

2. Venue is appropriate in Nassau County, Florida as the subject property is located in Nassau County, Florida.

3. Plaintiff, Jax Foods LLC, is a Florida limited liability company registered and authorized to do business in the State of Florida. Plaintiff is the owner of the real property located at 76106 Sidney Place, Yulee, Nassau County, Florida, more particularly described as

Lot 1, STEVENS PLACE, according to the plat thereof recorded in Plat Book 6, Pages 68 and 69, of the Public Records of Nassau County, Florida

UNOFFICIAL DOCUMENT

(the ""Burdened Property").

4. Defendant, McDonald's Corporation, is a Delaware corporation authorized to do business in Florida. McDonald's Corporation is the owner of the real property located at 462570 SR 200, Yulee, Nassau County, Florida (the "McDonald's Property"), which is adjacent to the Burdened Property.

**A. The Lease and the Covenant not to Compete.**

5. On or about March 24, 1994, James S. Stevens Family Trust (as predecessor-in-title to portions of what is now Plaintiff's Property) entered into a Ground Lease (the "Lease") with McDonald's Corporation leasing certain real property in Nassau County, Florida (the McDonald's Property). The Lease was subsequently amended on June 9, 1994, February 27, 1995, and June 14, 1996, and was evidenced by a Memorandum of Lease dated June 9, 1994, recorded October 20, 1994 in the Official Records Book 0716, Page 1097, of the Public Records of Nassau County, Florida.

UNOFFICIAL DOCUMENT

6. On or about July 14, 1994, pursuant to the terms and requirements of the Lease, James S. Stevens Family Trust (as Landlord) executed a Covenant Not to Compete (the "Covenant") in favor of McDonald's Corporation as Tenant, which was recorded in the Official Records of Nassau County, Florida, in Book 0716, Page 1102 ("O.R. Book 716, Page 1102"). A true and correct copy of the recorded Covenant is attached hereto as Exhibit "A."

7. By its express terms, the Covenant restricted the use of property owned by the Landlord — including the property that is now the Burdened Property — from being used as a restaurant, eating establishment, drive-in, or walk-up eating facility adjoining and abutting the west boundary of the demised premises fronting A1A, during the term of the Lease and any extensions thereof. The Covenant defined “restaurant” to apply specifically to the following food

establishments: Burger King, Wendy's, Jack-in-the-Box, Rally's, Checker's, Hut-N-Now, White Castle, Juicy Lucy, and similar food service establishments.

8. The length of the Covenant's restrictions was expressly limited to the "term of the Lease and any extensions of it." Therefore, upon termination or expiration of the Lease, the Covenant terminated by its own terms.

**B. The Lease and Covenant Termination**.

9. On October 18, 2000, McDonald's Corporation and Stevens Land Trust (as successor to James S. Stevens Family Trust as Landlord) terminated the Lease (the "Lease Termination") and recorded the Lease Termination in the Official Records of Nassau County, Florida, in Book 956, Page 148. A true and correct copy of the recorded Lease Termination is attached hereto as Exhibit "B."

10. Upon the termination of the Lease, on October 18, 2000, the Covenant, by its own unambiguous terms, expired and terminated and should have had no force or effect.

11. Independently of and in addition to its termination by its own terms, the Covenant has extinguished and is unenforceable pursuant to Florida's Marketable Record Title Act, Chapter 712, Florida Statutes ("MRTA").

12. The Covenant was recorded on October 20, 1994, and the thirty (30) year period during which any notice of claim preserving the restriction under MRTA could have been filed has now expired.

13. No Notice of Claim under Section 712.05, Florida Statutes, was filed within thirty years of the root of title establishing Plaintiff's interest.

14. Accordingly, any purported claim, right, or interest of McDonald's Corporation arising from the Covenant is extinguished by operation of the Covenant and MRTA, and the

UNOFFICIAL DOCUMENT

Covenant constitutes no valid encumbrance upon the Burdened Property.

**C. Subsequent Chain of Title.**

15. On or about January 23, 2002, The Pantry, Inc. (as successor by merger to Lil' Champ Food Stores, Inc.), conveyed the Burdened Property to KFC of America, Inc. by Warranty Deed recorded in Official Records Book 1040, Page 447, of the Public Records of Nassau County, Florida (the "Warranty Deed"). A true and correct copy of the recorded Warranty Deed is attached hereto as Exhibit "C."

16. The Warranty Deed's Exhibit "B" referenced as an encumbrance the "Covenant Not to Compete from James S. Stevens Family Trust to McDonald's Corporation, a Delaware corporation, dated March 24, 1994, recorded October 20, 1994 in O.R. Book 716, page 1102." However, because the Covenant had already expired by its own terms on October 18, 2000, this reference constituted a listing of a defunct and already-expired instrument.

17. The recitation of an expired encumbrance in the Warranty Deed does not revive, extend, or renew the Covenant, does not create new obligations, and confers no additional rights upon McDonald's Corporation. The Warranty Deed's mere reference to the Covenant does not breathe new life into a restriction that had ceased to exist.

18. Plaintiff now holds title to the Burdened Property in the chain of title following the conveyance from The Pantry, Inc. to KFC of America, and has a present ownership interest in the Burdened Property free and clear of the expired Covenant.

19. Notwithstanding the expiration and termination of the Covenant, the Covenant continues to appear as an exception to title in title commitment searches on the Burdened Property and is acting as a cloud on the title to the Burdened Property.

20. On October 5, 2025, Plaintiff obtained a title commitment in connection with its

UNOFFICIAL DOCUMENT

efforts to lease the Burdened Property to a prospective tenant, a true and correct copy of which is attached hereto as Exhibit "D".

21. The expired Covenant appears as an exception to title in that commitment. As a result, the prospective tenant is unwilling to enter into a lease with Plaintiff unless and until the encumbrance is removed from the title.

22. Prior to the filing of this Complaint, Plaintiff's counsel sent a written demand to McDonald's Corporation explaining the cloud the Covenant was placing on the Burdened Property and requesting that McDonald's execute and return a Termination and Release of Covenant Not to Compete within thirty (30) days of the date of the letter, so that it could be recorded in the Public Records of Nassau County to remove this cloud on Plaintiff's title. A true and correct copy of the Demand Letter, together with the enclosed form of Termination and Release of Covenant Not to Compete is attached hereto as Exhibit "E".

23. McDonald's Corporation has failed or refused to execute and return a Termination and Release of the Covenant.

24. McDonald's continued insistence, by action and inaction, that the Covenant is valid and enforceable constitutes a knowingly false claim to an interest in the Burdened Property and is causing ongoing and quantifiable harm to Plaintiff, including lost rental income and incurrence of attorney's fees and costs.

25. All conditions precedent have occurred or have been waived by the Defendant.

## **COUNT I – QUIET TITLE**

26. This is an action to quiet title in accordance with Ch. 65, Fla. Stat.

27. Plaintiff realleges the allegations set forth in paragraphs 1 through 25 as if fully set forth herein.

UNOFFICIAL DOCUMENT

28. Plaintiff became title holder of the Burdened Property by virtue of that Warranty Deed executed by KFC U.S. Properties, Inc. on December 16, 2003, which deed was recorded in the official records of Nassau County in Book 01197, Page 0995.

29. As explained in the general allegations, McDonald's Corporation's claimed interest in the Burdened Property under the Covenant is invalid, void, expired and unenforceable.

30. Plaintiff has a present, valid, and superior fee simple interest in the Burdened Property and is entitled to hold the same free and clear of any claimed interest, encumbrance, or cloud on title arising from the Covenant.

31. Unless and until the Court enters a judgment quieting title in favor of Plaintiff as against McDonald's Corporation's claim under the Covenant, Plaintiff will continue to suffer irreparable harm, including the inability to lease the Burdened Property and consequent economic loss.

32. Plaintiff has been forced to retain the undersigned counsel to bring this action and is entitled to its reasonable fees and costs as special damages under applicable Florida law.

WHEREFORE, Plaintiff, Jax Foods LLC, demands judgment against Defendant, McDonald's Corporation: (a) declaring that the Covenant Not to Compete recorded in Official Records Book 0716, Page 1102, of the Public Records of Nassau County, Florida, is terminated, expired, void, extinguished, and of no force or effect as to the Burdened Property; (b) declaring that Plaintiff's title to the Burdened Property is free and clear of any interest, lien, claim, restriction, or encumbrance arising from the Covenant; (c) directing the Clerk of Court to record the judgment in the Public Records of Nassau County, Florida; (d) awarding Plaintiff its costs and expenses; and (e) granting such other and further relief as this Court deems just and proper.

UNOFFICIAL DOCUMENT

**COUNT II — SLANDER OF TITLE**

33. This is an action for damages in excess of $50,000.00 exclusive of prejudgment interest, costs and attorney's fees due to Defendant's slander of title.

34. Plaintiff realleges the allegations set forth in paragraphs 1 through 25 as if fully set forth herein.

35. McDonald's Corporation has, by its conduct, made and continued to make a false and disparaging statement concerning Plaintiff's title to the Burdened Property, specifically by refusing to acknowledge and record the termination of the Covenant Not to Compete, which McDonald's Corporation knows or should know has been expired and terminated for more than twenty-five years.

36. McDonald's Corporation's refusal to execute a release, after having been provided with a written demand and a form of termination acceptable to Plaintiff's title company, and after having itself executed the Lease Termination which extinguished the Covenant, demonstrates that McDonald's Corporation continues to publish and maintain the false claim willfully and without justification.

37. The false claim directly, immediately, and proximately caused special damages to Plaintiff. Specifically:

(a) A prospective tenant for the Burdened Property has declined to enter into a lease agreement with Plaintiff because the Covenant appears as an exception to title and the tenant is unwilling to proceed until the encumbrance is removed, resulting in direct and quantifiable lost rental income to Plaintiff;

(b) Plaintiff has been required to engage counsel and incur attorneys' fees and costs in connection with the demand for release and the prosecution of this action to remove

UNOFFICIAL DOCUMENT

the false cloud on its title and such fees and costs are recoverable as special damages; and

(c) Plaintiff has suffered and continues to suffer additional consequential damages including lost profits arising from its inability to lease the Burdened Property.

WHEREFORE, Plaintiff, Jax Foods LLC, demands judgment against Defendant, McDonald's Corporation for: (a) compensatory damages including lost rental income and lost profits proximately caused by McDonald's slander of Plaintiff's title; (b) all attorney's fees and costs incurred by Plaintiff in connection with this matter, including the pre-suit demand and prosecution of this action, and (d) such other and further relief as this Court deems just and proper.

UNOFFICIAL DOCUMENT

**COUNT III — DECLARATORY RELIEF**

38. This is an action in the alternative to Count I and II pursuant to Ch. 86, Fla. Stat. for declaratory relief.

39. Plaintiff realleges the allegations set forth in paragraphs 1 through 25 as if fully set forth herein.

40. To the extent McDonald's Corporation contends that the Covenant restricts the use of the Burdened Property as any restaurant, eating establishment, or food service facility that is not among the specifically enumerated brands — or that the Burdened Property may not be leased to or operated as any food service establishment whatsoever — such an interpretation would render the Covenant's restriction overbroad and unenforceable under Florida law.

41. There is a present, actual, and bona fide controversy between Plaintiff and McDonald's Corporation concerning the scope and enforceability of the Covenant as it relates to the use of the Burdened Property. Plaintiff contends that the Covenant is fully terminated and extinguished. In the alternative, Plaintiff contends that any arguably enforceable restriction is

limited strictly to the named brands expressly enumerated in the Covenant and that a broader reading is overbroad and unenforceable. McDonald's Corporation's refusal to execute a release and its prior refusals to acknowledge termination place squarely at issue both the existence and the scope of any restriction. This controversy is ripe for judicial determination under Chapter 86, Florida Statutes.

42. A declaration by this Court will resolve the controversy, terminate the uncertainty and insecurity affecting Plaintiff's title and leasing rights, and provide Plaintiff and any prospective tenant with the legal clarity needed to use the Burdened Property consistent with Florida law and the Covenant's actual terms.

43. All parties with an actual interest in this matter are before this Court.

44. The relief sought is not merely the giving of legal advice, as the relief sought will directly control the outcome of this controversy by determining the scope of the Covenant on the Burdened Property's use of its property.

45. Plaintiff has no adequate remedy at law.

46. Plaintiff has been forced to retain the undersigned counsel to bring this action and is entitled to its reasonable fees and costs as special damages under applicable Florida law.

WHEREFORE, Plaintiff, Jax Foods LLC, demands judgment against Defendant, McDonald's Corporation, declaring that: (a) the Covenant Not to Compete recorded in Official Records Book 0716, Page 1102 is terminated, expired, and of no force or effect as to the Burdened Property, as set forth in Counts I and II; (b) in the alternative, and without prejudice to the foregoing, any restriction cognizable under the Covenant is limited solely to the named brand competitors expressly enumerated therein and does not prohibit the use of the Burdened Property as a restaurant, eating establishment, or food service facility operating under any brand name,

UNOFFICIAL DOCUMENT

concept, or format not specifically listed within the Covenant's enumerated brands; (c) any interpretation of the Covenant broader than the specific enumerated brands is overbroad, unreasonable, and unenforceable under Florida law; (d) awarding Plaintiff its costs of this action; and (e) granting such other and further relief as the Court deems just and proper.

Dated this 2rd day of April 2026.

DURANT, SCHOEPPEL & DECUNTO, P.A.

*/s/ C. Popham Decunto*
C. POPHAM DECUNTO
Florida Bar Number: 0650021
Primary Email: pdecunto@ds-law.net
Secondary Email: mnorman@ds-law.net
6550 St. Augustine Rd., Suite 105
Jacksonville, Florida 32217
(904) 652-2600 (voice)
(904) 652-2010 (Facsimile)
*Attorneys for Plaintiff Jax Foods LC*

UNOFFICIAL DOCUMENT

OCT 2 0 1994

YULEE, FLORIDA
I-95 & A1A
L/C: 09-1277

BK 0716 PG 1102
OFFICIAL RECORDS

Prepared by ~~and After Recording, Return To:~~

Denise Strom
Development Team Legal Department
McDONALD'S CORPORATION
One McDonald's Plaza
Oak Brook, Illinois 60521

## COVENANT NOT TO COMPETE

Under Lease dated March 24, 1994, James S. Stevens Family Trust, ("Landlord") whose address is 1184 US 17 South, Yulee, FL 32097 leased to McDonald's Corporation, a Delaware corporation, whose address is One McDonald's Plaza, Oak Brook, Illinois 60521 ("Tenant") a parcel of land described on Exhibit A together with certain easements in the property described in Exhibit A-1 attached ("Demised Premises").

One of the terms of the Lease states that the Landlord will record certain restrictions against Landlord's remaining lands located within a two-mile radius of the Demised Premises.

THEREFORE, Landlord covenants and agrees:

1. That no property (other than the Demised Premises) now or hereafter owned, leased or controlled, directly or indirectly, by Landlord, or, if Landlord is a Corporation, any subsidiary of Landlord, as shown on Exhibit B (whether or not such other property is subsequently voluntarily conveyed by Landlord) shall not during the term of the Lease and any extensions of it, be leased, used or occupied as a restaurant, eating establishment, drive-in or walk-up eating facility, adjoining and abutting the west boundary of the demised premises fronting A1A. The term "restaurant" as used in this Covenant Not to Compete shall apply specifically to the food service establishments listed below:

In addition, and not by of example, the following restaurants operating under the listed trade names, or operating under any successor trade names, are prohibited within the area described, and for the time period specified in this article.

| | |
|---|---|
| Burger King | In and Out Burgers |
| Wendy's | Jack-in-the-Box |
| Hardees | Rally's |
| Big Boy | Checker's |
| Blimpies | Hot-N-Now |
| Burger Chef | White Castle |
| Carl's Jr. | Juicy Lucy |
| What-A-Burger | |

***RETURN TO***
***Armistead Commercial Title Group Inc.***
***P. O. Box 20386***
***Tampa, Florida 33622***

EXHIBIT "A"

BK0716PG1103
OFFICIAL RECORDS

2. If during the term of the Lease, Landlord shall own or control any land other than the Demised Premises, which land is adjacent or contiguous to the Demised Premises, or which constitutes a parcel or parcels out of which the Demised Premises is comprised, then any building(s) the addition of canopies, signs, patio or gasoline pump islands are excluded form the set back constructed upon such other land shall be set back a minimum of 60 feet or the required county set-back, whichever is greater from the public right(s) of way, provided however that the restrictions set forth in this subparagraph (2) shall not be applicable:

a. With regard to existing improvements on land owned or controlled by Landlord as of the date of execution hereof, or,

b. With regard to any improvements existing on land which subsequently comes under Landlord's ownership or control on the date that Landlord acquires such ownership or control.

Landlord agrees that the covenants set forth in (1) and (2) shall run with the land and shall inure to the benefit of the Tenant and shall be binding upon the Landlord and the Landlord's heirs, executors, successors and assigns.

Landlord has executed this Covenant on this 14th day of July, 1994.

LANDLORD: JAMES S. STEVENS FAMILY TRUST

Arthur I. Jacobs, Co-Trustee

Joella H. Stevens, Co-Trustee

WITNESS:

Brenda G. Stevens

Donna K. Weck

Brenda G. Stevens

Donna K. Weck

UNOFFICIAL DOCUMENT

BK 0716 PG 1104
OFFICIAL RECORDS

# AFFIDAVIT OF OWNERSHIP BY LANDLORD

Joella H. Stevens and Arthur I. Jacobs, both being the incumbent Trustees of the James S. Stevens Family Trust under Agreement dated April 23, 1987, as evidenced* being first duly sworn on oath deposes and states that he/she/they is/are the Landlord or Landlord's duly authorized officers and that the Landlord has title to all of the property described on Exhibit B attached and that the Landlord owns no other property within a two-mile radius of the property described on Exhibit A attached.

IN WITNESS WHEREOF, the affiants have set his/her/their hand(s) this 14th day of July, 1994.

AFFIANT(S)

*by Memorandum dated October 1, 1991, recorded in O.R. 638 Pg. 1044, Public Records of Nassau County, Florida

Joella H. Stevens, Co-Trustee

Arthur I. Jacobs, Co-Trustee

Subscribed and sworn to before me this 14th day of July, 1994.

Brenda B. Stivers
Notary Public

BRENDA B. STIVERS
MY COMMISSION # CC 174751
EXPIRES: February 28, 1996

My commission expires ____________

PLEASE ATTACH PROPER ACKNOWLEDGMENT FOR STATE WHERE DOCUMENT IS TO BE RECORDED AND EXHIBIT A (LEGAL DESCRIPTION OF DEMISED PREMISES) AND EXHIBIT B (LEGAL DESCRIPTION OF LANDLORD'S OTHER PROPERTY)

UNOFFICIAL DOCUMENT

BK0716PG1105
OFFICIAL RECORDS

MCDONALD'S I-95 & S.R. 200 NASSAU COUNTY

A PART OF SECTION 44, TOWNSHIP 2 NORTH, RANGE 27 EAST, NASSAU COUNTY, FLORIDA MORE PARTICULARLY DESCRIBED AS FOLLOWS: FOR A POINT OF REFERENCE COMMENCE AT THE SOUTHWEST CORNER OF SAID SECTION 44; THENCE N.89°25'22"E., ALONG THE SOUTH LINE OF SAID SECTION 44, A DISTANCE OF 881.52 FEET TO AN INTERSECTION WITH THE WESTERLY RIGHT-OF-WAY LINE OF MENTORIA ROAD (A 66 FOOT COUNTY RIGHT-OF-WAY); THENCE N.06°00'40"E., ALONG SAID WESTERLY RIGHT-OF-WAY LINE, A DISTANCE OF 290.22 FEET TO THE POINT OF BEGINNING; THENCE CONTINUE N.06°00'40"E., ALONG SAID WESTERLY RIGHT-OF-WAY LINE, A DISTANCE OF 370.06 FEET TO AN INTERSECTION WITH THE SOUTHEASTERLY RIGHT-OF-WAY LINE OF STATE ROAD NO.200 (ALSO KNOWN AS STATE ROAD A-1-A); THENCE S.72°19'01"W., ALONG SAID SOUTHEASTERLY RIGHT-OF-WAY LINE (AS ESTABLISHED BY OFFICIAL RECORDS BOOK 135, PAGE 321 AS BEING 60 FEET SOUTHEASTERLY FROM THE FDOT SURVEY LINE), A DISTANCE OF 248.99 FEET; THENCE S.06°00'40"W., PARALLEL WITH THE AFOREMENTIONED WEST RIGHT-OF-WAY LINE OF MENTORIA ROAD, A DISTANCE OF 270.00 FEET; THENCE S.83°59'20"E., PERPENDICULAR TO SAID WEST RIGHT-OF-WAY LINE, A DISTANCE OF 228.00 FEET TO THE POINT OF BEGINNING. CONTAINING 1.68 ACRES MORE OR LESS.

UNOFFICIAL DOCUMENT

EXHIBIT A

MCDONALD'S I-95 & S.R. 200 NASSAU COUNTY
PARCEL 3 SIGN EASEMENT

A PART OF SECTION 1, TOWNSHIP 2 NORTH, RANGE 26 EAST, NASSAU COUNTY, FLORIDA MORE PARTICULARLY DESCRIBED AS FOLLOWS: FOR A POINT OF BEGINNING COMMENCE AT THE NORTHEAST CORNER OF SAID SECTION 1; THENCE S.01°13'50"E., ALONG THE EAST LINE OF SAID SECTION 1, A DISTANCE OF 40.00 FEET; THENCE S.89°48'32"W., 40 FEET SOUTHERLY OF AND PARALLEL WITH THE NORTH LINE OF SAID SECTION 1, A DISTANCE OF 116 FEET MORE OR LESS TO AN INTERSECTION WITH THE EASTERLY RIGHT-OF-WAY LINE OF AN "OFF-RAMP" FROM INTERSTATE HIGHWAY NO. 95 (I-95); THENCE N.00°49'01"E., ALONG SAID EASTERLY RIGHT-OF-WAY LINE, A DISTANCE OF 40.00 FEET TO AN INTERSECTION WITH THE NORTH LINE OF SAID SECTION 1; THENCE N.89°48'32"E., ALONG SAID NORTH LINE OF SECTION 1, A DISTANCE OF 114.56 FEET TO THE POINT OF BEGINNING. CONTAINING 0.11 ACRES MORE OR LESS (4611 SQUARE FEET MORE OR LESS).

PARCEL 2 SIGNAGE ACCESS EASEMENT

A PART OF SECTION 39, TOWNSHIP 2 NORTH, RANGE 26 EAST AND A PART OF SECTION 44, TOWNSHIP 2 NORTH, RANGE 27 EAST, NASSAU COUNTY, FLORIDA MORE PARTICULARLY DESCRIBED AS FOLLOWS: FOR A POINT OF BEGINNING COMMENCE AT THE SOUTHWEST CORNER OF SAID SECTION 44 (THE SAME BEING THE SOUTHEAST CORNER OF SAID SECTION 39); THENCE N.89°25'22"E. ALONG THE SOUTH LINE OF SAID SECTION 44, A DISTANCE OF 881.52 FEET TO AN INTERSECTION WITH THE WESTERLY RIGHT-OF-WAY LINE OF MENTORIA ROAD (A 66 FOOT COUNTY RIGHT-OF-WAY); THENCE N.06°00'40"E., ALONG SAID WESTERLY RIGHT-OF-WAY LINE, A DISTANCE OF 290.22 FEET; THENCE N.83°59'20"W., PERPENDICULAR TO SAID WESTERLY RIGHT-OF-WAY LINE, A DISTANCE OF 10.00 FEET; THENCE S.06°00'40"W., PARALLEL WITH SAID RIGHT-OF-WAY LINE, A DISTANCE OF 281.31 FEET; THENCE S.89°25'22"W., PARALLEL WITH THE AFOREMENTIONED SOUTH LINE OF SECTION 44, A DISTANCE OF 872.57 FEET; THENCE S.89°48'32"W., PARALLEL WITH THE SOUTH LINE OF AFOREMENTIONED SECTION 39, A DISTANCE OF 114.35 FEET TO THE EAST RIGHT-OF-WAY LINE OF AN "OFF-RAMP" OF HIGHWAY I-95; THENCE S.00°49'01"W., ALONG SAID RIGHT-OF-WAY LINE, A DISTANCE OF 10.00 FEET; THENCE N.89°48'32"E., ALONG THE SOUTH LINE OF SAID SECTION 39, A DISTANCE OF 114.56 FEET TO THE POINT OF BEGINNING. CONTAINING 0.29 ACRES MORE OR LESS (112773 SQUARE FEET MORE OR LESS).

EXHIBIT A-1

BK 0716 PG 1407
OFFICIAL RECORDS




9419281

94 OCT 20 PM 3:11

CLERK OF COURTS
NASSAU COUNTY

EXHIBIT "B"

2.

Rec. # 19.50 (4)

YULEE, FLORIDA
116 East SR #200
L/C: 009-1277
File #13407

Prepared by: Martha Ashenhurst Lundin, Counsel
After recording, return to: Mary L. Simms, Legal Assistant
McDONALD'S CORPORATION
One McDonald's Plaza
Oak Brook, Illinois 60523

# TERMINATION OF LEASE AGREEMENT

This Termination of Lease Agreement ("Agreement"), made this 18th day of October, 2000 is between **STEVENS LAND TRUST under Agreement dated September 1, 1995** ("Landlord") whose address is c/o James S. Stevens, Jr., 733 Harts Road East, Yulee, Florida 32097 and **McDONALD'S CORPORATION, a Delaware corporation** ("Tenant") whose address is One McDonald's Plaza, Oak Brook, Illinois 60523.

Landlord and Tenant voluntarily and mutually terminate, cancel and rescind the Ground Lease dated March 24 1994, and amended June 9, 1994, February 27, 1995 and June 14, 1996 ("Lease") as evidenced by a Memorandum of Lease dated June 9, 1994 recorded on October 20, 1994 in Book 0716 at page 1097 and further by Supplement to Lease dated August 10, 1995 , recorded December 6, 1995 in Book 0745 at Page 1581, for the property described on Exhibit A, attached.

Landlord and Tenant each release the other from all claims, demands, debts, causes of action, of whatever kind and nature, which have or could in the future arise due to the performance of their respective obligations under the Lease to the date of recording this Agreement.

The parties execute this Agreement for the purpose of voiding the Lease and for no other purpose, except that specifically described.

This Agreement is contingent upon Tenant, or its nominee, acquiring title to the above described real estate pursuant to Article 15 of the Lease between Landlord and Tenant.

To indicate their consent to this Agreement, the parties, or their authorized representatives or officers have signed this document.

UNOFFICIAL DOCUMENT

LANDLORD: **STEVENS LAND TRUST under Agreement dated September 1, 1995**

By: *[signature]*
Robert S. Stevens, as Co-Trustee

By: *[signature]*
Jana E. Goodwin, as Co-Trustee

By: *[signature]*
James S. Stevens, Jr., as Co-Trustee

WITNESS: *[signature]*
print name: MARSHALL E. WOOD

WITNESS: *[signature]*
print name: Joyce A. Middleton

TENANT: **McDONALD'S CORPORATION, a Delaware corporation**

By: *[signature]*
William J. O'Connell, Senior Counsel

WITNESS: *[signature]*
Rose Flanigan

WITNESS: *[signature]*
Judy Lemm

Doc# 200031363
Book: 956
Pages: 148 - 151
Filed & Recorded
10/27/2000 03:07:59 PM
J. M. OXLEY JR
CLERK OF CIRCUIT COURT
NASSAU COUNTY, FLORIDA
RECORDING $ 17.00
TRUST FUND 2.50

McDONALD'S CORPORATION A DELAWARE CORPORATION SEAL

(Acknowledgments and Exhibit A are attached)

EXHIBIT "B"

**ACKNOWLEDGMENT - McDONALD'S**

STATE OF ILLINOIS )
) SS:
COUNTY OF DUPAGE )

I, Kimberly Kluetsch, a Notary Public in and for the county and state aforesaid, DO HEREBY CERTIFY that William J. O' Connell, Senior Counsel of **McDonald's Corporation, a Delaware corporation**, who is personally known to me to be the same person whose name is subscribed to the foregoing instrument as such Senior Counsel appeared before me this day in person and acknowledged that he signed, sealed and delivered the said instrument as his free and voluntary act as such Senior Counsel and as the free and voluntary act of said corporation for the uses and purposes therein set forth.

Given under my hand and notarial seal, this 18th day of October, 2000.

Kimberly Kluetsch, Notary Public

My commission expires September 21, 2002.

OFFICIAL SEAL
KIMBERLY KLUETSCH
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/21/02

UNOFFICIAL DOCUMENT

**ACKNOWLEDGMENT - INDIVIDUAL**

STATE OF Ohio )
) SS:
COUNTY OF Tuscarawas )

I, Pamela Clum, a Notary Public in and for the county and state aforesaid, DO HEREBY CERTIFY that **Robert C. Stevens, as Co- Trustee of the Stevens Land Trust under Agreement dated September 1, 1995**, who is personally known to me to be the same person whose name is subscribed to the foregoing instrument appeared before me this day in person and acknowledged that he signed, sealed and delivered the said instrument as his free and voluntary act for the uses and purposes therein set forth.

Given under my hand and notarial seal, this 20 day of October, 2000.

PAMELA CLUM, Notary Public
State of Ohio

Notary Public

My commission expires MY COMMISSION EXPIRES 12-3-00.

**ACKNOWLEDGMENT - INDIVIDUAL**

STATE OF FLORIDA )
) SS:
COUNTY OF NASSAU )

I, MARSHALL E. WOOD, a Notary Public in and for the county and state aforesaid, DO HEREBY CERTIFY that **Jana E. Goodwin, as Co- Trustee of the Stevens Land Trust under Agreement dated September 1, 1995**, who is personally known to me to be the same person whose name is subscribed to the foregoing instrument appeared before me this day in person and acknowledged that she signed, sealed and delivered the said instrument as her free and voluntary act for the uses and purposes therein set forth.

Given under my hand and notarial seal, this 24TH day of OCTOBER, 2000.

Notary Public

My commission expires

NOTARY PUBLIC STATE OF FLORIDA
MARSHALL E. WOOD
MY COMMISSION # CC 735482
EXPIRES: 04/25/2002
1-800-3-NOTARY Fla. Notary Services & Bonding Co.

**ACKNOWLEDGMENT - INDIVIDUAL**

STATE OF FLORIDA )
) SS:
COUNTY OF NASSAU )

I, MARSHALL E. WOOD, a Notary Public in and for the county and state aforesaid, DO HEREBY CERTIFY that **James S. Stevens, Jr., as Co- Trustee of the Stevens Land Trust under Agreement dated September 1, 1995**, who is personally known to me to be the same person whose name is subscribed to the foregoing instrument appeared before me this day in person and acknowledged that he signed, sealed and delivered the said instrument as his free and voluntary act for the uses and purposes therein set forth.

Given under my hand and notarial seal, this 24TH day of OCTOBER, 2000.

Notary Public

My commission expires ________________.

NOTARY PUBLIC STATE OF FLORIDA
MARSHALL E. WOOD
MY COMMISSION # CC 735482
EXPIRES: 04/25/2002
1-800-3-NOTARY Fla. Notary Services & Bonding Co.

UNOFFICIAL DOCUMENT

A PART OF SECTION 44, TOWNSHIP 2 NORTH, RANGE 27 EAST, NASSAU COUNTY, FLORIDA MORE PARTICULARLY DESCRIBED AS FOLLOWS: FOR A POINT OF REFERENCE COMMENCE AT THE SOUTHWEST CORNER OF SAID SECTION 44; THENCE N.89°25'22"E., ALONG THE SOUTH LINE OF SAID SECTION 44, A DISTANCE OF 881.52 FEET TO AN INTERSECTION WITH THE WESTERLY RIGHT-OF-WAY LINE OF MENTORIA ROAD (A 66 FOOT COUNTY RIGHT-OF-WAY); THENCE N.06°00'40"E., ALONG SAID WESTERLY RIGHT-OF-WAY LINE, A DISTANCE OF 290.22 FEET TO THE POINT OF BEGINNING; THENCE CONTINUE N.06°00'40"E., ALONG SAID WESTERLY RIGHT-OF-WAY LINE, A DISTANCE OF 370.06 FEET TO AN INTERSECTION WITH THE SOUTHEASTERLY RIGHT-OF-WAY LINE OF STATE ROAD NO.200 (ALSO KNOWN AS STATE ROAD A-1-A); THENCE S.72°19'01"W., ALONG SAID SOUTHEASTERLY RIGHT-OF-WAY LINE (AS ESTABLISHED BY OFFICIAL RECORDS BOOK 135, PAGE 321 AS BEING 60 FEET SOUTHEASTERLY FROM THE FDOT SURVEY LINE), A DISTANCE OF 248.99 FEET; THENCE S.06°00'40"W., PARALLEL WITH THE AFOREMENTIONED WEST RIGHT-OF-WAY LINE OF MENTORIA ROAD, A DISTANCE OF 270.00 FEET; THENCE S.83°59'20"E., PERPENDICULAR TO SAID WEST RIGHT-OF-WAY LINE, A DISTANCE OF 228.00 FEET TO THE POINT OF BEGINNING. CONTAINING 1.68 ACRES MORE OR LESS.

MCDONALD'S I-95 & S.R. 200 NASSAU COUNTY
PARCEL 2 SIGNAGE ACCESS EASEMENT

A PART OF SECTION 39, TOWNSHIP 2 NORTH, RANGE 26 EAST AND A PART OF SECTION 44, TOWNSHIP 2 NORTH, RANGE 27 EAST, NASSAU COUNTY, FLORIDA MORE PARTICULARLY DESCRIBED AS FOLLOWS: FOR A POINT OF BEGINNING COMMENCE AT THE SOUTHWEST CORNER OF SAID SECTION 44 (THE SAME BEING THE SOUTHEAST CORNER OF SAID SECTION 39); THENCE N.89°25'22"E. ALONG THE SOUTH LINE OF SAID SECTION 44, A DISTANCE OF 881.52 FEET TO AN INTERSECTION WITH THE WESTERLY RIGHT-OF-WAY LINE OF MENTORIA ROAD (A 66 FOOT COUNTY RIGHT-OF-WAY); THENCE N.06°00'40"E., ALONG SAID WESTERLY RIGHT-OF-WAY LINE, A DISTANCE OF 290.22 FEET; THENCE N.83°59'20"W., PERPENDICULAR TO SAID WESTERLY RIGHT-OF-WAY LINE, A DISTANCE OF 10.00 FEET; THENCE S.06°00'40"W., PARALLEL WITH SAID RIGHT-OF-WAY LINE, A DISTANCE OF 281.31 FEET; THENCE S.89°25'22"W., PARALLEL WITH THE AFOREMENTIONED SOUTH LINE OF SECTION 44, A DISTANCE OF 872.57 FEET; THENCE S.89°48'32"W., PARALLEL WITH THE SOUTH LINE OF AFOREMENTIONED SECTION 39, A DISTANCE OF 114.35 FEET TO THE EAST RIGHT-OF-WAY LINE OF AN "OFF-RAMP" OF HIGHWAY I-95; THENCE S.00°49'01"W., ALONG SAID RIGHT-OF-WAY LINE, A DISTANCE OF 10.00 FEET; THENCE N.89°48'32"E., ALONG THE SOUTH LINE OF SAID SECTION 39, A DISTANCE OF 114.56 FEET TO THE POINT OF BEGINNING. CONTAINING 0.29 ACRES MORE OR LESS (112773 SQUARE FEET MORE OR LESS).

PARCEL 3 SIGN EASEMENT

A PART OF SECTION 1, TOWNSHIP 2 NORTH, RANGE 26 EAST, NASSAU COUNTY, FLORIDA MORE PARTICULARLY DESCRIBED AS FOLLOWS: FOR A POINT OF BEGINNING COMMENCE AT THE NORTHEAST CORNER OF SAID SECTION 1; THENCE S.01°13'50"E., ALONG THE EAST LINE OF SAID SECTION 1, A DISTANCE OF 40.00 FEET; THENCE S.89°48'32"W., 40 FEET SOUTHERLY OF AND PARALLEL WITH THE NORTH LINE OF SAID SECTION 1, A DISTANCE OF 116 FEET MORE OR LESS TO AN INTERSECTION WITH THE EASTERLY RIGHT-OF-WAY LINE OF AN "OFF-RAMP" FROM INTERSTATE HIGHWAY NO. 95 (I-95); THENCE N.00°49'01"E., ALONG SAID EASTERLY RIGHT-OF-WAY LINE, A DISTANCE OF 40.00 FEET TO AN INTERSECTION WITH THE NORTH LINE OF SAID SECTION 1; THENCE N.89°48'32"E., ALONG SAID NORTH LINE OF SECTION 1, A DISTANCE OF 114.56 FEET TO THE POINT OF BEGINNING. CONTAINING 0.11 ACRES MORE OR LESS (4611 SQUARE FEET MORE OR LESS).

OFFICIAL RECORDS

EXHIBIT A

CC/BE

Book 1040 Page 447

RETURN TO: 4515
First American Title Ins. Co.
25400 US 19 N, Suite 135
Clearwater, FL 33763

Prepared by ~~and after recording return to:~~ 181

Raymond M. O'Steen, Jr., Esq.
Smith Hulsey & Busey
1800 First Union Bank Tower
Post Office Box 53315
Jacksonville, Florida 32201-3315

Doc# 200206433
Book: 1040
Pages: 447 - 450
Filed & Recorded
02/27/2002 10:30:24 AM
J. M. OXLEY JR
CLERK OF CIRCUIT COURT
NASSAU COUNTY, FLORIDA
DEED DOC STAMP $ 2,450.00
RECORDING $ 17.00
TRUST FUND $ 2.50

Rec 19.50
Doc 2450.00
2469.50

FIRST AMERICAN TITLE INSURANCE COMPANY

NTS 31443

UNOFFICIAL DOCUMENT

WARRANTY DEED

This Warranty Deed is made this 23rd day of January, 2002, by THE PANTRY, INC., a Delaware corporation, successor by merger to Lil' Champ Food Stores, Inc., a Florida Corporation ("Grantor"), whose address is 8930 Western Way, Suite 4, Jacksonville, Florida 32256, to KFC OF AMERICA, INC., a California corporation, ("Grantee"), whose address is 17901 Von Karmon, Irvine, California 92614, Attention: Law Department / Real Estate Site No. 11-9105.

Grantor, for and in consideration of the sum of Ten and No/100 Dollars ($10.00) and other valuable consideration, the receipt and sufficiency of which are acknowledged, grants, bargains, sells, aliens, remises, releases, conveys and confirms unto Grantee all of Grantor's undivided right, title and interest in and to that certain land situated in Nassau County, Florida, more particularly described in Exhibit "A" attached hereto, together with all improvements thereon, and together with all the tenements, hereditaments and appurtenances belonging or in anywise appertaining thereto (the "Property"), subject to taxes and assessments for 2002 and subsequent years, covenants, restrictions and easements of record.

TO HAVE AND TO HOLD the Property with all and singular the rights, members and appurtenances thereof, to the same being, belonging or in anywise appertaining to the only proper use, benefit and behalf of Grantee forever.

AND Grantor hereby warrants the title to the Property and will defend the same against the lawful claims of all persons claiming by, through or under Grantor, but none other; provided, however, that the Property is subject to those matters set forth in Exhibit "B" annexed hereto and made a part hereof.

PROVIDED FURTHER, however, that Grantor hereby discloses, and Grantee, by acceptance of this Warranty Deed, hereby acknowledges the existence of the provisions of that certain instrument encumbering the Property recorded in Official Records Book 716, page 1102, of the public records of Nassau County, Florida.

PROVIDED FURTHER, however, that the Property is hereby restricted from being used as a convenience store, liquor store, gas station, discount beverage store, tobacco store, or freestanding pharmacy, provided however, that the above restriction shall not be construed

4 pgs.
19.50
2450
2469.50

EXHIBIT "C"

to prevent or prohibit the use of the Property as a medical office, hospital, medical treatment facility or freestanding drug store utilized solely for the pharmaceutical sales of drugs and related items in conjunction with or along with a medical office, hospital or medical treatment facility.

IN WITNESS WHEREOF, Grantor has caused these presents to be executed in its name by its proper officer thereunto duly authorized, the day and year first above written.

Signed, sealed and delivered in the presence of:

Brian W. Schenk
Print Name: Brian W. Schenk

T Spencer
Print Name: Twila Spencer

THE PANTRY, INC., a Delaware corporation

By: Joseph Krol
Name: Joseph Krol
Its Vice President

(Corporate Seal)

UNOFFICIAL DOCUMENT

STATE OF FLORIDA
COUNTY OF DUVAL

The foregoing instrument was acknowledged before me this 21ST day of January, 2002, by Joseph KRoL the Vice PresidenT of The Pantry, Inc., a Delaware corporation, on behalf of the corporation. He/she is personally known to me or has produced personally known as identification.

J. Elaine Watson
Print Name: J. Elaine WATSON
Notary Public, State of Florida
Commission No.: CC770346
My Commission Expires: 9/6/2002

STATE OF FLORIDA NOTARY PUBLIC
J. ELAINE WATSON
My Comm Exp. 9/6/2002
No. CC 770346
[✓] Personally Known [ ] Other I.D.

STATE OF FLORIDA NOTARY PUBLIC
J. ELAINE WATSON
My Comm Exp. 9/6/2002
No. CC 770346
Other I.D.

Send Tax Bills to:
KFC of America, Inc.
c/o KFC Store no. 11-9105
P.O. Box 35370
Louisville, KY 40232-5370

**EXHIBIT "A"**

Lot 1, STEVENS PLACE, according to plat thereof recorded in Plat Book 6, Page 68 and 69 of the Public Records of Nassau County, Florida.

UNOFFICIAL DOCUMENT

**EXHIBIT "B"**

1. Subject to the Plat of Stevens Place, recorded in Plat Book 6, Page 68 and 69 of the public records of Nassau County, Florida.

2. Covenant Not to Compete from James S. Stevens Family Trust to McDonald's Corporation, a Delaware corporation, dated March 24, 1994, recorded October 20, 1994 in O.R. Book 716, page 1102, of the public records of Nassau County, Florida.

3. Easement from Lil' Champ Food Stores, Inc., a Florida corporation, to Florida Power & Light Company, recorded November 23, 1999 in O.R. Book 909, page 169 of the public records of Nassau County, Florida.

4. Easement from Lil' Champ Food Stores, Inc., a Florida corporation, to Florida Power & Light Company, recorded December 7, 1999 in O.R. Book 910, page 1136 of the public records of Nassau County, Florida.

UNOFFICIAL DOCUMENT

**Revised on October 15, 2025 at 6:24 am as Revision __________**

**Transaction Identification Data, for which the Company assumes no liability as set forth in Commitment Condition 5.e.:**

| | |
|---|---|
| Issuing Agent: | **ANSBACHER, SCHNEIDER & TRAGER P.A.** |
| Issuing Office: | **5150 BELFORT ROAD<br>BUILDING 100 JACKSONVILLE, FL 322566010** |
| Loan ID Number: | |
| Commitment Number: | **25105278 ED** |
| Your File No.: | **2500206.D** |
| Property Address: | **76106 Sidney Place, Yulee, FL 32097** |

**Old Republic National Title Insurance Company**
**121 West Forsyth Street**
**Suite #500**
**Jacksonville, Florida 32202**

## SCHEDULE A
## COMMITMENT

UNOFFICIAL DOCUMENT

1. Commitment Effective Date: October 5, 2025 at 05:00pm

2. Policy to be issued:

   (a) 2021 ALTA OWNER'S POLICY (with Florida Modifications) — Proposed Policy Amount: $1,000.00
   Proposed Insured:

   Purchaser with contractual rights under a purchase agreement with the vested owner identified in Schedule A herein

   (b) 2021 ALTA LOAN POLICY (with Florida Modifications) — Proposed Policy Amount: $1,000.00
   Proposed Insured:

   Lender with contractual obligations under a loan agreement with the proposed purchaser identified in Schedule A herein

3. The estate or interest in the Land described at the Commitment Date is Fee Simple.

4. The Title is, at the Commitment Date, vested in: **Jax Foods, LLC., a Florida Limited Liability Company, and as disclosed in the Public Records, has been since December 16, 2003**

*This page is only a part of a 2021 ALTA Commitment for Title Insurance issued by Old Republic National Title Insurance Company. This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I-Requirements; and Schedule B, Part II-Exceptions; and a counter-signature by the Company or its issuing agent that may be in electronic form.*

5. The Land is described as follows:

Lot 1, Stevens Place, a subdivision according to the plat thereof recorded in Plat Book 6, Pages 68 and 69, of the Public Records of Nassau County, Florida. Except for that part taken as Parcel 102 in Stipulated Order of Taking in O.R. Book 1930, page 1280 of said public records.

Issued through the Office of:
ANSBACHER, SCHNEIDER & TRAGER P.A.
5150 BELFORT ROAD
BUILDING 100
JACKSONVILLE, FL 322566010
Phone: 904-296-0100

____________________________________
Authorized Signature

UNOFFICIAL DOCUMENT

*This page is only a part of a 2021 ALTA Commitment for Title Insurance issued by Old Republic National Title Insurance Company. This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I-Requirements; and Schedule B, Part II-Exceptions; and a counter-signature by the Company or its issuing agent that may be in electronic form.*

# SCHEDULE B - I
# COMMITMENT

## Requirements

All of the following Requirements must be met:

1. The Proposed Insured must notify the Company in writing of the name of any party not referred to in this Commitment who will obtain an interest in the Land or who will make a loan on the Land. The Company may then make additional Requirements or Exceptions.

2. Pay the agreed amount for the estate or interest to be insured.

3. Pay the premiums, fees, and charges for the Policy to the Company.

4. Documents satisfactory to the Company that convey the Title or create the Mortgage to be insured, or both, must be properly authorized, executed, delivered, and recorded in the Public Records.

5. Warranty Deed from Jax Foods, LLC., a Florida Limited Liability Company, to the proposed insured.

6. Mortgage from Purchaser with contractual rights under a purchase agreement with the vested owner identified in Schedule A herein, joined by spouse, if married, to the proposed insured mortgagee.

7. Furnish proof, satisfactory to the Company, from the Homeowners Association that all association fees, Master Association Fees if any and assessments have been paid in full, and that there are no delinquencies.

8. Determination must be made that there are no unrecorded special assessment liens or unrecorded liens arising by virtue of ordinances, unrecorded agreements as to impact or other development fees, unpaid waste fees payable to the county or municipality, or unpaid service charges under Ch. 159, F.S., or county ordinance.

9. Satisfaction of the mortgage from Jax Foods, LLC., a Florida Limited Liability Company, to Regions Bank recorded June 19, 2023 and recorded in O.R. Book 1863, page 256, securing $967,870.91.

10. The agent must
    (1) Determine that Jax Foods, LLC., a Florida Limited Liability Company is in good standing in the state of its formation; and
    (2) Establish that the person(s) executing the deed or mortgage to be issued are authorized by law to execute said instruments on behalf of the company.

11. The name or name(s) of the Proposed Insured(s) under the Proposed Policy(ies) must be furnished in order for this Commitment to become effective. This Commitment is subject to further requirements and/or exceptions that may be deemed necessary.

Note: The following is for informational purposes only and will not appear in the policy to be issued: The following deed(s) affecting the land described in Schedule A hereof cover a minimum twenty-four month period prior to the effective date of this commitment:

Warranty Deed recorded December 23, 2003 in O.R. Book 1197, Page 995

UNOFFICIAL DOCUMENT

**NOTE:** All recording references in this commitment/policy shall refer to the Public Records of Nassau County, unless otherwise noted.

**SCHEDULE B SECTION II IS CONTINUED ON AN ADDED PAGE**

UNOFFICIAL DOCUMENT

# SCHEDULE B - II
# COMMITMENT

## Exceptions From Coverage

**Some historical land records contain Discriminatory Covenants that are illegal and unenforceable by law. This Commitment and the Policy treat any Discriminatory Covenant in a document referenced in Schedule B as if each Discriminatory Covenant is redacted, repudiated, removed, and not republished or recirculated. Only the remaining provisions of the document will be excepted from coverage.**

The Policy will not insure against loss or damage resulting from the terms and conditions of any lease or easement identified in Schedule A, and will include the following Exceptions unless cleared to the satisfaction of the Company:

1. Any defect, lien, encumbrance, adverse claim, or other matter that appears for the first time in the Public Records or is created, attaches, or is disclosed between the Commitment Date and the date on which all of the Schedule B, Part I-Requirements are met.

2. Facts which would be disclosed by an accurate and comprehensive survey of the premises herein described.

3. Rights or claims of parties in possession.

4. Construction, Mechanic's, Contractors' or Materialmen's lien claims, if any, where no notice thereof appears of record.

5. Easements or claims of easements not shown by the public records.

6. General or special taxes and assessments required to be paid in the year 2025 and subsequent years.

7. Any loss or damage arising from assessments resulting from the provisions contained in Florida Statute Section 720.3085, notwithstanding assurance to the contrary in any ALTA PUD Endorsement Form 5.1 or Florida Form 9 Endorsement which may be attached to this commitment/policy.

8. Any lien provided by County Ordinance or by Ch. 159, F.S., in favor of any city, town, village or port authority, for unpaid service charges for services by any water systems, sewer systems or gas systems serving the land described herein; and any lien for waste fees in favor of any county or municipality.

9. Declaration of Covenants and Restrictions and Provisions recorded in Official Records Book 831, Page 803, public records of Nassau County, Florida. Said document contains provisions for Easements and private charges of assessments.

10. Florida Power and Light Easement recorded in Official Records Book 909, Page 169, as affected by Subordination of Utility Interest recorded in Official Records Book 1872, Page 577, public records of Nassau County, Florida.

11. Florida Power and Light Easement recorded in Official Records Book 910, Page 1136, as affected by Subordination of Utility Interest recorded in Official Records Book 1872, Page 577, public records of Nassau County, Florida.

UNOFFICIAL DOCUMENT

*This page is only a part of a 2021 ALTA Commitment for Title Insurance issued by Old Republic National Title Insurance Company. This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I-Requirements; and Schedule B, Part II-Exceptions; and a counter-signature by the Company or its issuing agent that may be in electronic form.*

12. Easement contained in instrument recorded in Official Records Book 861, Page 1865, public records of Nassau County, Florida.

13. Covenant Not to Compete from James S. Stevens Family Trust to McDonald's Corporation, a Delaware corporation, dated March 24, 1994, recorded October 20,1994 in O.R. Book 716, page 1102, of the public records of Nassau County, Florida.

14. Restrictions as recorded in Official Records Volume 1040, page 447 of the public records of Nassau County, Florida.

15. Perpetual Easement contained in instrument recorded in Official Records Book 1930, Page 1280, public records of Nassau County, Florida.

16. 10 Foot wide Easement adjacent to all streets is dedicated to Florida Power and Light Company for the installation and maintenance of its underground electrical system, as recited in Adoption and Dedication of Plat herein referred to.

17. Plat maker reserves the right to regulate access.

18. Private Easement for Ingress, Egress, Landscaping and Signs as shown on plat herein referred to.

19. Building Restriction Lines as shown on plat herein referred to.

20. Landscape Buffer as shown on plat herein referred to.

21. All matters contained on the Plat of STEVENS PLACE according to plat thereof as recorded in Plat Book 6, pages 68 and 69.

22. Rights of tenants and/or parties in possession, and any parties claiming, by through or under said tenants or parties in possession, as to any unrecorded leases or rental agreements.

Note: Taxes for the year 2025 became a lien on the land January 1st although not due or payable until November 1st of said year. Taxes for the year 2024 in the amount of $14,511.37 are paid. Tax ID Number 44-2N-27-1970-0001-0000.

UNOFFICIAL DOCUMENT

*This page is only a part of a 2021 ALTA Commitment for Title Insurance issued by Old Republic National Title Insurance Company. This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I-Requirements; and Schedule B, Part II-Exceptions; and a counter-signature by the Company or its issuing agent that may be in electronic form.*

DURANT, SCHOEPPEL & DECUNTO, P. A.

ATTORNEYS AT LAW

Stephen H. Durant
*Retired*

Kevin A. Schoeppel
kschoeppel@ds-law.net

C. Popham Decunto
pdecunto@ds-law.net

6550 St. Augustine Road • Suite105 • Jacksonville, Florida 32217
Phone: 904-652-2600 • Facsimile: 904-652-2610
Website: www.ds-law.net

March 13, 2026

McDonald's Corporation
130 New Berlin Road
Jacksonville, Fl 32218

110 N. Carpenter St
Chicago, IL 60607

711 Jorie Blvd
3rd Floor
Oak Brook, IL 60523

**RE: Slander of Title of 76106 Sidney Place, Yulee, Florida**

UNOFFICIAL DOCUMENT

Dear Sir/Madam:

We have been retained by Jax Foods LLC who owns the real property located at 76106 Sidney Place, Yulee, Florida (the "Burdened Property"). It is our understanding that McDonald's Corporation owns adjacent real property located at 462570 SR 200, Yulee, Florida ("McDonald's Property").

It is our understanding that in 1994 McDonald's Corporation was a tenant of McDonald's Property pursuant to a lease with Stevens Land Trust ("Lease"). It is our understanding that pursuant to the requirements of that Lease, on or about July 14, 1994, McDonald's Corporation and its then landlord executed the enclosed Covenant Not to Compete ("Covenant"), which Covenant was recorded in the Official Records of Nassau County, Florida, in Book 0716, Page 1102. It is our understanding that the Covenant restricted the use of the Burdened Property as well as other real property owned by the Landlord. It is our understanding from the terms of the Covenant that those restrictions terminated upon the termination of the Lease, which was the basis for such Covenant. It is our understanding that the Lease terminated on October 18, 2000 and that the Lease termination was recorded in the Official Records of Nassau County, Florida, in Book 956, Page 148 (the "Lease Termination") thereby terminating the Covenant.

Despite the clear language of the Covenant as to its termination, and the fact that it is unenforceable pursuant to Ch. 712, Fla. Stat., it is still acting as an encumbrance on the Burdened Property. Most recently, the owners of the Burdened Property obtained a title commitment in order to be able to lease the Burdened Property and the Covenant is showing as an exception to

EXHIBIT "E"

title. The potential tenant is not willing to enter into a lease with Jax Foods LLC unless and until that encumbrance is removed. It is our understanding that Jax Foods LLC has previously requested that McDonald's Corporation agree to terminate the Covenant, but for reasons unknown McDonald's Corporation has declined to do so. Therefore, McDonald's Corporation's continued insistence that the Covenant remains valid is acting to slander the title of the Burdened Property.

In the event to avoid legal action, we request that McDonald's Corporation execute the enclosed Termination of the Covenant to remove this improper encumbrance. Please cause this to be executed and returned to my office for recording within thirty (30) days of the date of this letter so that we can avoid legal action pertaining to this matter.

If you decline to execute the enclosed Termination (or another form that is acceptable to our client and its title company if you have proposed edits) within the thirty (30) days, we will have no choice but to file suit to quiet title and will seek the damages incurred to Jax Foods, LLC due to the slander of its title. Those damages may include (a) the attorney's fees and costs it incurs in bringing such an action (*see Price v. Tyler*, 890 So. 2d 246, 251 (Fla. 2004)(affirming that attorney's fees and costs are recoverable in slander of title cases)), and (b) the lost profits it incurs due to the inability to lease (*see Jenkins v. Plaza 3000, Inc., 134* So. 3d 1127, 1131 (Fla. 4th DCA 2014). We hope that won't be necessary.

If you have any information that may change our conclusions above, or wish to discuss this matter further, please contact me or have your attorney contact me at your earliest convenience.

Sincerely,

C. Popham ("Poppy") Decunto

Enclosures
cc: Client

UNOFFICIAL DOCUMENT

OCT 2 0 1994

YULEE, FLORIDA
I-95 & A1A
L/C: 09-1277

BK 0716 PG 1102
OFFICIAL RECORDS

Prepared by ~~and After Recording, Return To:~~

Denise Strom
Development Team Legal Department
McDONALD'S CORPORATION
One McDonald's Plaza
Oak Brook, Illinois 60521

## COVENANT NOT TO COMPETE

Under Lease dated March 24, 1994, James S. Stevens Family Trust, ("Landlord") whose address is 1184 US 17 South, Yulee, FL 32097 leased to McDonald's Corporation, a Delaware corporation, whose address is One McDonald's Plaza, Oak Brook, Illinois 60521 ("Tenant") a parcel of land described on Exhibit A together with certain easements in the property described in Exhibit A-1 attached ("Demised Premises").

One of the terms of the Lease states that the Landlord will record certain restrictions against Landlord's remaining lands located within a two-mile radius of the Demised Premises.

THEREFORE, Landlord covenants and agrees:

1. That no property (other than the Demised Premises) now or hereafter owned, leased or controlled, directly or indirectly, by Landlord, or, if Landlord is a Corporation, any subsidiary of Landlord, as shown on Exhibit B (whether or not such other property is subsequently voluntarily conveyed by Landlord) shall not during the term of the Lease and any extensions of it, be leased, used or occupied as a restaurant, eating establishment, drive-in or walk-up eating facility, adjoining and abutting the west boundary of the demised premises fronting A1A. The term "restaurant" as used in this Covenant Not to Compete shall apply specifically to the food service establishments listed below:

In addition, and not by of example, the following restaurants operating under the listed trade names, or operating under any successor trade names, are prohibited within the area described, and for the time period specified in this article.

| | |
|---|---|
| Burger King | In and Out Burgers |
| Wendy's | Jack-in-the-Box |
| Hardees | Rally's |
| Big Boy | Checker's |
| Dimples | Hot-N-Now |
| Burger Chef | White Castle |
| Carl's Jr. | Juicy Lucy |
| What-A-Burger | |

RETURN TO
Armistead Commercial Title Group Inc.
P.O. Box 10386
Tampa, Florida 33633

UNOFFICIAL DOCUMENT

BK 0716 PG 1103

OFFICIAL RECORDS

2. If during the term of the Lease, Landlord shall own or control any land other than the Demised Premises, which land is adjacent or contiguous to the Demised Premises, or which constitutes a parcel or parcels out of which the Demised Premises is comprised, then any building(s) the addition of canopies, signs, patio or gasoline pump islands are excluded form the set back constructed upon such other land shall be set back a minimum of 60 feet or the required county set-back, whichever is greater from the public right(s) of way, provided however that the restrictions set forth in this subparagraph (2) shall not be applicable:

a. With regard to existing improvements on land owned or controlled by Landlord as of the date of execution hereof, or,

b. With regard to any improvements existing on land which subsequently comes under Landlord's ownership or control on the date that Landlord acquires such ownership or control.

Landlord agrees that the covenants set forth in (1) and (2) shall run with the land and shall inure to the benefit of the Tenant and shall be binding upon the Landlord and the Landlord's heirs, executors, successors and assigns.

Landlord has executed this Covenant on this 14th day of July, 1994.

LANDLORD: JAMES S. STEVENS FAMILY TRUST

Arthur I. Jacobs, Co-Trustee

Joella H. Stevens, Co-Trustee

WITNESS:

UNOFFICIAL DOCUMENT

BK 0716 PG 1104
OFFICIAL RECORDS

## AFFIDAVIT OF OWNERSHIP BY LANDLORD

Joella H. Stevens and Arthur I. Jacobs, both being the incumbent Trustees of the James S. Stevens Family Trust under Agreement dated April 23, 1987, as evidenced* being first duly sworn on oath deposes and states that he/she/they is/are the Landlord or Landlord's duly authorized officers and that the Landlord has title to all of the property described on Exhibit B attached and that the Landlord owns no other property within a two-mile radius of the property described on Exhibit A attached.

IN WITNESS WHEREOF, the affiants have set his/her/their hand(s) this 14th day of July 1994.

AFFIANT(S)

*by Memorandum dated October 1, 1991, recorded in O.R. 638 Pg. 1044, Public Records of Nassau County, Florida

Joella H. Stevens, Co-Trustee

Arthur I. Jacobs, Co-Trustee

Subscribed and sworn to before me this 14th day of July, 19 94.

Brenda B. Stivers
Notary Public

BRENDA B. STIVERS
MY COMMISSION # CC 174711
EXPIRES: February 21, 1996

My commission expires ______________

PLEASE ATTACH PROPER ACKNOWLEDGMENT FOR STATE WHERE DOCUMENT IS TO BE RECORDED AND EXHIBIT A (LEGAL DESCRIPTION OF DEMISED PREMISES) AND EXHIBIT B (LEGAL DESCRIPTION OF LANDLORD'S OTHER PROPERTY)

UNOFFICIAL DOCUMENT

BK 0716 PG 1105
OFFICIAL RECORDS

MCDONALD'S I-95 & S.R. 200 NASSAU COUNTY

A PART OF SECTION 44, TOWNSHIP 2 NORTH, RANGE 27 EAST, NASSAU COUNTY, FLORIDA MORE PARTICULARLY DESCRIBED AS FOLLOWS: FOR A POINT OF REFERENCE COMMENCE AT THE SOUTHWEST CORNER OF SAID SECTION 44; THENCE N.89°25'22"E., ALONG THE SOUTH LINE OF SAID SECTION 44, A DISTANCE OF 881.52 FEET TO AN INTERSECTION WITH THE WESTERLY RIGHT-OF-WAY LINE OF MENTORIA ROAD (A 66 FOOT COUNTY RIGHT-OF-WAY); THENCE N.06°00'40"E., ALONG SAID WESTERLY RIGHT-OF-WAY LINE, A DISTANCE OF 290.22 FEET TO THE POINT OF BEGINNING; THENCE CONTINUE N.06°00'40"E., ALONG SAID WESTERLY RIGHT-OF-WAY LINE, A DISTANCE OF 370.06 FEET TO AN INTERSECTION WITH THE SOUTHEASTERLY RIGHT-OF-WAY LINE OF STATE ROAD NO.200 (ALSO KNOWN AS STATE ROAD A-1-A); THENCE S.72°19'01"W., ALONG SAID SOUTHEASTERLY RIGHT-OF-WAY LINE (AS ESTABLISHED BY OFFICIAL RECORDS BOOK 135, PAGE 321 AS BEING 60 FEET SOUTHEASTERLY FROM THE FDOT SURVEY LINE), A DISTANCE OF 248.99 FEET; THENCE S.06°00'40"W., PARALLEL WITH THE AFOREMENTIONED WEST RIGHT-OF-WAY LINE OF MENTORIA ROAD, A DISTANCE OF 270.00 FEET; THENCE S.83°59'20"E., PERPENDICULAR TO SAID WEST RIGHT-OF-WAY LINE, A DISTANCE OF 228.00 FEET TO THE POINT OF BEGINNING. CONTAINING 1.68 ACRES MORE OR LESS.

UNOFFICIAL DOCUMENT

EXHIBIT A

BK0716PG1106
OFFICIAL RECORDS

MCDONALD'S I-95 & S.R. 200 NASSAU COUNTY
PARCEL 3 SIGN EASEMENT

A PART OF SECTION 1, TOWNSHIP 2 NORTH, RANGE 26 EAST, NASSAU COUNTY, FLORIDA MORE PARTICULARLY DESCRIBED AS FOLLOWS: FOR A POINT OF BEGINNING COMMENCE AT THE NORTHEAST CORNER OF SAID SECTION 1; THENCE S.01°13'50"E., ALONG THE EAST LINE OF SAID SECTION 1, A DISTANCE OF 40.00 FEET; THENCE S.89°48'32"W., 40 FEET SOUTHERLY OF AND PARALLEL WITH THE NORTH LINE OF SAID SECTION 1, A DISTANCE OF 116 FEET MORE OR LESS TO AN INTERSECTION WITH THE EASTERLY RIGHT-OF-WAY LINE OF AN "OFF-RAMP" FROM INTERSTATE HIGHWAY NO. 95 (I-95); THENCE N.00°49'01"E., ALONG SAID EASTERLY RIGHT-OF-WAY LINE, A DISTANCE OF 40.00 FEET TO AN INTERSECTION WITH THE NORTH LINE OF SAID SECTION 1; THENCE N.89°48'32"E., ALONG SAID NORTH LINE OF SECTION 1, A DISTANCE OF 114.56 FEET TO THE POINT OF BEGINNING. CONTAINING 0.11 ACRES MORE OR LESS (4611 SQUARE FEET MORE OR LESS).

PARCEL 2 SIGNAGE ACCESS EASEMENT

A PART OF SECTION 39, TOWNSHIP 2 NORTH, RANGE 26 EAST AND A PART OF SECTION 44, TOWNSHIP 2 NORTH, RANGE 27 EAST, NASSAU COUNTY, FLORIDA MORE PARTICULARLY DESCRIBED AS FOLLOWS: FOR A POINT OF BEGINNING COMMENCE AT THE SOUTHWEST CORNER OF SAID SECTION 44 (THE SAME BEING THE SOUTHEAST CORNER OF SAID SECTION 39); THENCE N.89°25'22"E. ALONG THE SOUTH LINE OF SAID SECTION 44, A DISTANCE OF 881.52 FEET TO AN INTERSECTION WITH THE WESTERLY RIGHT-OF-WAY LINE OF MENTORIA ROAD (A 66 FOOT COUNTY RIGHT-OF-WAY); THENCE N.06°00'40"E., ALONG SAID WESTERLY RIGHT-OF-WAY LINE, A DISTANCE OF 290.22 FEET; THENCE N.83°59'20"W., PERPENDICULAR TO SAID WESTERLY RIGHT-OF-WAY LINE, A DISTANCE OF 10.00 FEET; THENCE S.06°00'40"W., PARALLEL WITH SAID RIGHT-OF-WAY LINE, A DISTANCE OF 281.31 FEET; THENCE S.89°25'22"W., PARALLEL WITH THE AFOREMENTIONED SOUTH LINE OF SECTION 44, A DISTANCE OF 872.57 FEET; THENCE S.89°48'32"W., PARALLEL WITH THE SOUTH LINE OF AFOREMENTIONED SECTION 39, A DISTANCE OF 114.35 FEET TO THE EAST RIGHT-OF-WAY LINE OF AN "OFF-RAMP" OF HIGHWAY I-95; THENCE S.00°49'01"W., ALONG SAID RIGHT-OF-WAY LINE, A DISTANCE OF 10.00 FEET; THENCE N.89°48'32"E., ALONG THE SOUTH LINE OF SAID SECTION 39, A DISTANCE OF 114.56 FEET TO THE POINT OF BEGINNING. CONTAINING 0.29 ACRES MORE OR LESS (112773 SQUARE FEET MORE OR LESS).

UNOFFICIAL DOCUMENT

EXHIBIT A-1




9419281

94 OCT 20 PM 3:11

EXHIBIT "B"

CLERK OF COURTS

This instrument was prepared by:

______________________________
______________________________
______________________________

**TERMINATION AND RELEASE OF COVENANT NOT TO COMPETE**

KNOW ALL MEN BY THESE PRESENTS that McDonald's Corporation, a Delaware corporation, whose mailing address is ______________, is the owner of the real property located at 462570 SR 200, Yulee, Florida and more particularly described on the attached Exhibit "A" ("Covenant Beneficiary") and is the beneficiary of that certain Covenant Not to Compete executed on July 14, 1994 and recorded in the Official Records of Nassau County, Florida, in Book 0716, Page 1102 ("Covenant Not to Compete").

The Covenant Not to Compete created certain restrictions against the use of the real property more particularly described in its Exhibit "B", which included but was not limited to the real property located at 76106 Sidney Place, Yulee, Florida and more particularly described below:

Lot 1, STEVENS PLACE, according to the plat thereof recorded in Plat Book 6, Pages 68 and 69, Public Records of Nassau County, Florida.

(the "Burdened Property") during the term of the Lease between the Covenant Beneficiary and the former owner of the Burdened Property, which Lease terminated on October 18, 2000 and which termination was recorded in the Official Records of Nassau County, Florida, in Book 956, Page 148 (the "Lease Termination").

The Covenant Beneficiary hereby acknowledges that the Covenant Not to Compete terminated on October 18, 2000 (the "Effective Date") and terminates, cancels, releases, and discharges the Covenant Not to Compete as to the Burdened Property as of the Effective Date, and such Covenant Not to Compete shall have no further force or effect as to the Burdened Property, from and after the Effective Date.

Except as expressly set forth herein, nothing in this Termination shall be construed to release or affect any other covenants, restrictions, or easements, except as otherwise expressly provided herein.

Witnesses:

Sign Name: ____________________
Print Name

Sign Name: ____________________
Print Name

____________________________________
__________ as ____________________
of McDonald's Corporation

UNOFFICIAL DOCUMENT

STATE OF FLORIDA
COUNTY OF NASSAU

The foregoing instrument was acknowledged before me by means of ☐ physical presence or ☐ online notarization, this ___ day of ____________, 2026, by ____________________ (print name) as ________________________ (Title) for McDonald's Corporation.

[Check One] ☐ is personally known to me or

☐ who produced _________________________ as identification,

and who did not take an oath.

(Seal)

Sign Name: ___________________________
Notary Public, State of Florida
My commission expires:

UNOFFICIAL DOCUMENT

# EXHIBIT "A"

PARCEL No. 1 (McDonald's Parcel)

A PART OF SECTION 44, TOWNSHIP 2 NORTH, RANGE 27 EAST, NASSAU COUNTY, FLORIDA MORE PARTICULARLY DESCRIBED AS FOLLOWS: FOR A POINT OF REFERENCE COMMENCE AT THE SOUTHWEST CORNER OF SAID SECTION 44; THENCE NORTH 89°24'01" EAST, ALONG THE SOUTH LINE OF SAID SECTION 44, A DISTANCE OF 861.54 FEET TO AN INTERSECTION WITH THE WESTERLY RIGHT-OF-WAY LINE OF MENTORIA ROAD (A 66 FOOT COUNTY RIGHT-OF-WAY); THENCE NORTH 06°00'16" EAST, ALONG SAID WESTERLY RIGHT-OF-WAY LINE, A DISTANCE OF 290.18 FEET TO THE POINT OF BEGINNING; THENCE CONTINUE NORTH 06°00'16" EAST, ALONG SAID WESTERLY RIGHT-OF-WAY LINE, A DISTANCE OF 370.04 FEET TO AN INTERSECTION WITH THE SOUTHEASTERLY RIGHT-OF-WAY LINE OF STATE ROAD NO. 200 (ALSO KNOWN AS STATE ROAD A-1-A); THENCE SOUTH 72°19'01" WEST ALONG SAID SOUTHEASTERLY RIGHT-OF-WAY LINE (AS ESTABLISHED BY OFFICIAL RECORDS BOOK 135, PAGE 321 AS BEING 60 FEET SOUTHEASTERLY FROM THE FDOT SURVEY LINE), A DISTANCE OF 248.93' FEET; THENCE SOUTH 02°24'46" EAST, A DISTANCE OF 272.97 FEET; THENCE SOUTH 83°59'44" EAST, A DISTANCE OF 188.00 FEET TO THE POINT OF BEGINNING.

TOGETHER WITH

PARCEL No.2

Easements for central retention, treatment system, storm water and other purposes as provided for and more particularly described in that certain Easement Agreement executed by and between Robert C. Stevens and Jana E. Goodwin, Co-Trustees of The Stevens Land Trust (GRANTOR) TO McDonald's Corporation, a Delaware corporation (GRANTEE) dated June 14, 1996 recorded July 10, 1997 in O.R. 799 page 197 Public Records of Nassau County, Florida.

TOGETHER WITH

PARCEL No.3

Easements for ingress, egress, drainage, utilities and other purposes as provided for and more particularly described in that certain Declaration of Covenants and Restrictions and Provisions for Stevens Place Owner's Association, Inc. effective October 20, 1997 recorded April 27, 1998 in O.R. 831 page 803 Public Records of Nassau County, Florida.

* * * * *

UNOFFICIAL DOCUMENT

## EXHIBIT "B"


INTERSTATE HIGHWAY I-95
BK 0716 PG 1407
OFFICIAL RECORDS
STATE ROAD No. 200 and/or A-1-A
GRAPHIC SCALE
( IN FEET )
1 inch = 150 ft.
MENTORIA ROAD
9419281
94 OCT 20 PM 3:11
EXHIBIT "B"
CLERK OF COURTS

WSL Filing # 246687090 E-Filed 04/23/2026 01:32:36 PM

IN THE CIRCUIT COURT, OF THE FOURTH JUDICIAL CIRCUIT,
IN AND FOR NASSAU COUNTY, FLORIDA

JAX FOODS LLC,

Plaintiff,

v.

CASE NO.: * 26CA 185
DIVISION: *

MCDONALD'S CORPORATION,

Defendant.
_______________________________/

**SUMMONS ON A CORPORATION**

YOU ARE COMMANDED to serve this summons and a copy of the Complaint or Petition in this action on Defendant:

McDonald's Corporation
c/o Prentice-Hall Corporation System, Inc., registered agent
1201 Hays St., Ste 105
Tallahassee, FL 32301

Each Defendant is required to serve written defenses to the Complaint or petition on Plaintiffs' attorney, whose name and address is:

C. POPHAM DECUNTO, ESQUIRE
Durant, Schoeppel & Decunto, P.A.
6550 St. Augustine Rd., Ste. 105
Jacksonville, Florida 32217
Phone: (904) 652-2600; Fax (904) 652-2610
Primary Email: pdecunto@ds-law.net
Secondary Email: mnorman@ds-law.net

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

Witness my hand and the seal of this Court on APR 24 2026, 2026.

CLERK OF THE CIRCUIT COURT & COMPTROLLER ★ SUUM CUIQUE ★ IN GOD WE TRUST ★ NASSAU COUNTY, FLORIDA

**MITCH L. KEITER**
Clerk of Courts, Nassau County, Florida

By: Windy S. Lee
Deputy Clerk



WSL FILED - NASSAU COUNTY
2026 APR 24 PM04:05:06

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT IN AND FOR NASSAU COUNTY, FLORIDA

JAX FOODS LLC,

Plaintiff,

CASE NO.: 26CA000185AXYX
SECTION:

v.

MCDONALD'S CORPORATION,
Defendant.
_______________________________________/

**NOTICE OF APPEARANCE AND DESIGNATION OF EMAIL ADDRESSES**
**ON BEHALF OF DEFENDANT**

**PLEASE TAKE NOTICE** that Beth A. Norrow, Esq. of Greenberg Traurig P.A. hereby appears as counsel on behalf of Defendant, McDONALD'S CORPORATION, and requests that (i) all pleadings and papers be provided to undersigned counsel, and (ii) undersigned counsel be added to all service lists.

Pursuant to Florida Rule of Judicial Administration 2.516(b)(l)(A), undersigned counsel hereby designates the following e-mail addresses:

**Beth A. Norrow, Esq.**
Primary Email: Beth.Norrow@gtlaw.com
Secondary Email: sandra.famadas@gtlaw.com and WPBLitDock@gtlaw.com

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**

777 S. Flagler Drive, Suite 300 East
West Palm Beach, Florida 33401
Telephone: (561) 650-7926
Facsimile: (561) 655-6222

By: */s/ Beth A. Norrow*
**BETH A. NORROW**
Florida Bar No. 61497
Email: Beth.Norrow@gtlaw.com
sandra.famadas@gtlaw.com
WPBLitDock@gtlaw.com

**MICHELE L. STOCKER**
Florida Bar No. 44105
401 E. Las Olas Boulevard, Suite 2000
Fort Lauderdale, Florida 33301
Telephone: (954) 768-8271
Facsimile: (954) 759-5571
Email: Michele.Stocker@gtlaw.com
geistc@gtlaw.com
FTLLitDock@gtlaw.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was served via e-mail generated by Florida's E-portal system to C. Popham Decunto, Esq., **DURANT, SCHOEPPEL & DECUNTO, P.A.**, 6550 St. Augustine Road, Suite 105, Jacksonville, Florida 32217 (pdecunto@ds-law.net and mnorman@ds-law.net) on this 7th day of May 2026.

By: *Beth A. Norrow*
**Beth A. Norrow**

ACTIVE 723791651v1

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT IN AND FOR NASSAU COUNTY, FLORIDA

JAX FOODS LLC,

Plaintiff,

CASE NO.: 26CA000185AXYX
SECTION:

v.

MCDONALD'S CORPORATION,
Defendant.
_____________________________________/

**NOTICE OF APPEARANCE AND DESIGNATION OF EMAIL ADDRESSES ON BEHALF OF DEFENDANT**

**PLEASE TAKE NOTICE** that Michele L. Stocker, Esq. of Greenberg Traurig P.A. hereby appears as counsel on behalf of Defendant, McDONALD'S CORPORATION, and requests that (i) all pleadings and papers be provided to undersigned counsel, and (ii) undersigned counsel be added to all service lists.

Pursuant to Florida Rule of Judicial Administration 2.516(b)(l)(A), undersigned counsel hereby designates the following e-mail addresses:

**Michele L. Stocker, Esq.**
Primary Email: Michele.Stocker@gtlaw.com
Secondary Email: geistc@gtlaw.com and FTLLitDock@gtlaw.com

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**

401 E. Las Olas Boulevard, Suite 2000
Fort Lauderdale, Florida 33301
Telephone: (954) 768-8271
Facsimile: (954) 759-5571

By: *_/s/ Michele L. Stocker_*
**MICHELE L. STOCKER**
Florida Bar No. 44105
Email: Michele.Stocker@gtlaw.com
geistc@gtlaw.com
FTLLitDock@gtlaw.com

*Counsel for Defendant*

# CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was served via e-mail generated by Florida's E-portal system to C. Popham Decunto, Esq., Durant, Schoeppel & Decunto, P.A., 6550 St. Augustine Road, Suite 105, Jacksonville, Florida 32217 (pdecunto@ds-law.net and mnorman@ds-law.net) on this 7th day of May 2026.

By: *Michele L. Stocker*
**Michele L. Stocker**

ACTIVE 723782446v1

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT IN AND FOR NASSAU COUNTY, FLORIDA

DIVISION A

452026CA000185CAAXYX
452026CA000186CAAXYX
452026CA000191CAAXYX
452026CA000194CAAXYX
452026CA000198CAAXYX
452026CA000199CAAXYX
452026CA000203CAAXYX
452026CA000204CAAXYX
452026CA000207CAAXYX
452026CA000212CAAXYX
_______________________________________/

**CASE MANAGEMENT ORDER SETTING PROJECTED**
**TRIAL DATE AND CASE MANAGEMENT DEADLINES**

In accordance with Florida Rule of Civil Procedure Rule 1.200, it is,

**ORDERED** as follows:

1. **CASE MANAGEMENT TRACK DESIGNATION.** Based on initial information provided on the Civil Case Cover Sheet and consideration of the Complaint, this case is assigned to the general case management track. Changes in track designation may be made in accordance with Rule 1.200(c).

**2. PROJECTED TRIAL DATE.**

The Plaintiff has not demanded a jury trial. The projected trial term date is **September 27, 2027.**

**3. PROJECTED TRIAL DURATION.**

The projected time allocated for the trial is **4 hours or less**.

**4. PROJECTED PRE-TRIAL DEADLINES.**

| | | |
|---|---|---|
| a. | Service of Complaint | *See* Fla. R. Civ. P. Rule 1.070, |
| b. | Service Under Extensions | *See* Fla. R. Civ. P. Rule 1.070 |
| c. | Adding New Parties | 120 days after service of the Complaint |

| | | |
|---|---|---|
| d. | Filing and Resolution of all Objections to Pleadings | 60 days after service of the Complaint |
| e. | Expert Witness Disclosure | Plaintiff: 150 days before pre-trial conference;<br><br>Defendant: 120 days before pre-trial conference |
| f. | Completion of Fact Discovery | by pre-trial conference |
| g. | Completion of Expert Discovery | by pre-trial conference |
| h. | Filing and Service of Motions for Summary Judgment | 90 days before pre-trial conference |
| i. | Filing and Resolution of all Pretrial Motions | by pre-trial conference |
| j. | Completion of Alternative Dispute Resolution | 14 days before pre-trial conference |

The deadlines established by this Order will be strictly enforced unless changed by court order.

5. **CASE MANAGEMENT FOLLOWING THE SETTING OF THE PROJECTED TRIAL DATE.** A Case Management Conference ("CMC") pursuant to Florida Rule of Civil Procedure Rule 1.200(j) will be convened on **July 29, 2026, at 10:30 a.m.** Counsel for the parties may appear by Zoom at the Case Management Conference. The Court's Zoom videoconference information is provided in the attached Addendum "A".

The purpose of this Case Management Conference is to provide the parties or their counsel an opportunity to be heard prior to the Court setting the actual trial period, pretrial conference, and pretrial deadlines.

Accordingly, no later than seven (7) days prior to this CMC, the parties or their counsel shall, in a meeting initiated by Plaintiff(s) or their counsel if represented, confer with each other regarding the particular case management needs of the case, including but not limited to:

a. whether the parties adopt the projected trial date/duration set forth above; or

b. whether the parties agree that a different actual trial date/duration should govern this case; and

c. whether the CMC should be cancelled because the parties have submitted a Trial Set Memorandum as set forth below.

**The parties may avoid this CMC by filing and submitting to the Court's Judicial Assistant, a completed Division A Trial Set Memorandum no later than fourteen (14) days prior to the date of this CMC, advising the Court whether the parties adopt the projected trial date/duration set forth above OR whether the parties agree that a different actual trial date/duration (consistent with the time standards set forth in Florida Rule of General Practice and Judicial Administration 2.250) should govern this case.** If such a memorandum is timely submitted, the Court will, upon request, cancel this CMC. Unless the Court cancels the CMC, the CMC shall proceed.

Upon the failure of a party, or their counsel if represented, to attend this CMC or to submit a completed Trial Set Memorandum, the Court may set an actual trial date, dismiss the action, strike pleadings, limit proof or witnesses, or take any other appropriate action against a party failing to attend. Fla. R. Civ. P. 1.200(j)(6) and 1.420(b).

**6. ORDER SETTING ACTUAL TRIAL DATE.** Following either the CMC or the receipt of a Trial Set Memorandum from the parties, each Division will enter a superseding order setting an actual trial date within the time standards prescribed by Florida Rule of General Practice and Judicial Administration 2.550, along with deadlines and requirements of counsel pursuant to Florida Rules of Civil Procedure 1.200 and 1.440.

**7. MOTIONS OR OBJECTIONS DIRECTED TO PLEADINGS.** Within sixty (60) days of filing a Motion to Dismiss, a Motion for More Definite Statement, a Motion to Strike or any objection to a pleading, the moving or objecting party shall schedule with the Court's

Judicial Assistant a hearing on the motion or objection. Failure to do so shall result in the motion or objection being deemed abandoned and denied. The nonmoving party shall promptly submit a proposed order confirming that the motion or objection is denied.

**8. SERVICE OF THIS ORDER.** The Plaintiff shall serve a copy of this Case Management Order on all other parties to this action and shall file a Certificate of Service reflecting the date on which the party was served.

**DONE AND ORDERED** in Chambers at Yulee, Nassau County, Florida, this 13th day of May 2026.

Steven M. Fahlgren
Circuit Judge

Copies via e-service

**ADDENDUM "A"**

**JUDGE FAHLGREN'S ZOOM ADDENDUM FOR CIVIL AND FAMILY PROCEEDINGS[1]**

Zoom will be the default for scheduled hearings, unless the parties file notice with the Clerk of Court that at least one (1) party intends to appear in person at least three (3) business days before the hearing. Said notice shall also be provided to the Court via email to astrickland@coj.net., and to all other parties by email, if possible.

Unless otherwise notified by Court Order or the Court's Judicial Assistant, the invitation to join the Court's Zoom™ Meeting for all family and civil hearings is:

https://zoom.us/j/5789782431

Meeting ID: 578 978 2431[2]
Passcode: QjJ0nH
Dial by your location +1 470 381 2552 US
Passcode: 706394
Parties shall name their Zoom profile with their legal names such that they can be easily identified.

For Zoom hearings involving exhibits, proposed orders, or copies of cases cited, the parties are directed to send these to the Court's judicial assistant, astrickland@coj.net, via email at least three (3) business days in advance of the hearing with copies to all parties who have not been defaulted as it custom and required by the Rules. **When the number of pages of the hearing materials exceed 50 pages, hard copies should be provided to the Court at least three (3) business days in advance of the hearing.** Emailed exhibits should be sent as one PDF file, or as few PDFs as possible, and include an index, cover sheets before each exhibit, and should be easily identified. Counsel submitting proposed orders should also furnish sufficient self-addressed stamped envelopes to the Court via mail for service of any orders when a party is not signed up for the e-portal. **The Court's physical and mailing address is 76347 Veterans Way, Yulee, FL 32097.** Please refer to Judge Fahlgren's published division procedures for more detailed information.

**Legal representation**: You may consult with an attorney regarding this case. If you cannot afford an attorney, you may contact a legal aid/legal services program or a lawyer referral

---

[1] Judge Fahlgren's Zoom Addendum for foreclosure matters is published separately.
[2] There is a separate Zoom link for foreclosure matters published separately.

service to determine whether you qualify for free or reduced-fee assistance. The Court cannot give legal advice and does not endorse any private attorney or organization. The law requires that all unrepresented people be treated as reasonably competent counsel.

All unrepresented parties shall file a designation of email address with the Clerk of Court and register for email service with the Florida Court's E-filing Portal at www.myflcourtacess.com forthwith, if they have not already done so. A sample designation of email address can be found at the link copied below.

https://www.flcourts.gov/content/download/403113/file/915.pdf

Those appearing before the Court without video via Zoom that intend to testify will likely need to be in the presence of a notary public for the purposes of being identified and sworn in. Those appearing remotely by video via Zoom planning to testify should be prepared to furnish the Court with a **picture identification such as their driver's license via video.**

While the Court is not required to record all Zoom hearings, the parties may request the Court do so. It is the parties' responsibility to arrange for a Court Reporter to attend the hearing, if so desired.

**REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES: If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator Michelle Watson, Robert M. Foster Justice Center, 76347 Veterans Way, Yulee, FL 32097, Telephone 904-548-4917, email ADA@nassauclerk.com at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Case 3:26-cv-01396-JEP-PDB Document 1-1 Filed 05/27/26 Page 55 of 62 PageID 60

IN THE CIRCUIT COURT, OF THE FOURTH JUDICIAL CIRCUIT,
IN AND FOR NASSAU COUNTY, FLORIDA

JAX FOODS LLC,

Plaintiff,

v.

CASE NO.: 26-CA-000185
DIVISION: B

MCDONALD'S CORPORATION,

Defendant.
_________________________________/

**PLAINTIFF'S NOTICE OF SERVICE OF CASE MANAGEMENT ORDER SETTING PROJECTED TRIAL DATE AND CASE MANAGEMENT DEADLINES**

Plaintiff, Jax Foods LLC, by and through undersigned counsel, hereby gives notice of service of the Court's Case Management Order Setting Projected Trial Date and Case Management Deadlines attached hereto on counsel for Defendant.

DURANT, SCHOEPPEL & DECUNTO, P.A.

*/s/ C. Popham Decunto*
C. POPHAM DECUNTO
Florida Bar Number: 0650021
Primary Email: pdecunto@ds-law.net
Secondary Email: mnorman@ds-law.net
6550 St. Augustine Rd., Suite 105
Jacksonville, Florida 32217
(904) 652-2600 (voice)
(904) 652-2010 (Facsimile)
*Attorneys for Plaintiff Jax Foods LC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 14, 2026, I electronically filed the foregoing with the Clerk of the Court and electronically served the same on Michele L. Stocker, Esquire, *Attorney for*

*Defendant,* at michele.stocker@gtlaw.com, geistc@gtlaw.com, through the Statewide E-Filing Portal, if available, or by email directly.

/s/ C. Popham Decunto
Attorney

Case 3:26-cv-01396-JEP-PDB Document 1-1 Filed 05/27/26 Page 57 of 62 PageID 62

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT IN AND FOR NASSAU COUNTY, FLORIDA

DIVISION A

452026CA000185CAAXYX
452026CA000186CAAXYX
452026CA000191CAAXYX
452026CA000194CAAXYX
452026CA000198CAAXYX
452026CA000199CAAXYX
452026CA000203CAAXYX
452026CA000204CAAXYX
452026CA000207CAAXYX
452026CA000212CAAXYX
_______________________________________/

**CASE MANAGEMENT ORDER SETTING PROJECTED**
**TRIAL DATE AND CASE MANAGEMENT DEADLINES**

In accordance with Florida Rule of Civil Procedure Rule 1.200, it is,

**ORDERED** as follows:

1. **CASE MANAGEMENT TRACK DESIGNATION.** Based on initial information provided on the Civil Case Cover Sheet and consideration of the Complaint, this case is assigned to the general case management track. Changes in track designation may be made in accordance with Rule 1.200(c).

**2. PROJECTED TRIAL DATE.**

The Plaintiff has not demanded a jury trial. The projected trial term date is **September 27, 2027.**

**3. PROJECTED TRIAL DURATION.**

The projected time allocated for the trial is **4 hours or less**.

**4. PROJECTED PRE-TRIAL DEADLINES.**

| | | |
|---|---|---|
| a. | Service of Complaint | *See* Fla. R. Civ. P. Rule 1.070, |
| b. | Service Under Extensions | *See* Fla. R. Civ. P. Rule 1.070 |
| c. | Adding New Parties | 120 days after service of the Complaint |

| | |
|---|---|
| d. Filing and Resolution of all Objections to Pleadings | 60 days after service of the Complaint |
| e. Expert Witness Disclosure | Plaintiff: 150 days before pre-trial conference;<br><br>Defendant: 120 days before pre-trial conference |
| f. Completion of Fact Discovery | by pre-trial conference |
| g. Completion of Expert Discovery | by pre-trial conference |
| h. Filing and Service of Motions for Summary Judgment | 90 days before pre-trial conference |
| i. Filing and Resolution of all Pretrial Motions | by pre-trial conference |
| j. Completion of Alternative Dispute Resolution | 14 days before pre-trial conference |

The deadlines established by this Order will be strictly enforced unless changed by court order.

5. **CASE MANAGEMENT FOLLOWING THE SETTING OF THE PROJECTED TRIAL DATE.** A Case Management Conference ("CMC") pursuant to Florida Rule of Civil Procedure Rule 1.200(j) will be convened on **July 29, 2026, at 10:30 a.m.** Counsel for the parties may appear by Zoom at the Case Management Conference. The Court's Zoom videoconference information is provided in the attached Addendum "A".

The purpose of this Case Management Conference is to provide the parties or their counsel an opportunity to be heard prior to the Court setting the actual trial period, pretrial conference, and pretrial deadlines.

Accordingly, no later than seven (7) days prior to this CMC, the parties or their counsel shall, in a meeting initiated by Plaintiff(s) or their counsel if represented, confer with each other regarding the particular case management needs of the case, including but not limited to:

a. whether the parties adopt the projected trial date/duration set forth above; or

b. whether the parties agree that a different actual trial date/duration should govern this case; and

c. whether the CMC should be cancelled because the parties have submitted a Trial Set Memorandum as set forth below.

**The parties may avoid this CMC by filing and submitting to the Court's Judicial Assistant, a completed Division A Trial Set Memorandum no later than fourteen (14) days prior to the date of this CMC, advising the Court whether the parties adopt the projected trial date/duration set forth above OR whether the parties agree that a different actual trial date/duration (consistent with the time standards set forth in Florida Rule of General Practice and Judicial Administration 2.250) should govern this case.** If such a memorandum is timely submitted, the Court will, upon request, cancel this CMC. Unless the Court cancels the CMC, the CMC shall proceed.

Upon the failure of a party, or their counsel if represented, to attend this CMC or to submit a completed Trial Set Memorandum, the Court may set an actual trial date, dismiss the action, strike pleadings, limit proof or witnesses, or take any other appropriate action against a party failing to attend. Fla. R. Civ. P. 1.200(j)(6) and 1.420(b).

**6. ORDER SETTING ACTUAL TRIAL DATE.** Following either the CMC or the receipt of a Trial Set Memorandum from the parties, each Division will enter a superseding order setting an actual trial date within the time standards prescribed by Florida Rule of General Practice and Judicial Administration 2.550, along with deadlines and requirements of counsel pursuant to Florida Rules of Civil Procedure 1.200 and 1.440.

**7. MOTIONS OR OBJECTIONS DIRECTED TO PLEADINGS.** Within sixty (60) days of filing a Motion to Dismiss, a Motion for More Definite Statement, a Motion to Strike or any objection to a pleading, the moving or objecting party shall schedule with the Court's

Judicial Assistant a hearing on the motion or objection. Failure to do so shall result in the motion or objection being deemed abandoned and denied. The nonmoving party shall promptly submit a proposed order confirming that the motion or objection is denied.

**8. SERVICE OF THIS ORDER.** The Plaintiff shall serve a copy of this Case Management Order on all other parties to this action and shall file a Certificate of Service reflecting the date on which the party was served.

**DONE AND ORDERED** in Chambers at Yulee, Nassau County, Florida, this 13th day of May 2026.

Steven M. Fahlgren
Circuit Judge

Copies via e-service

**ADDENDUM "A"**

**JUDGE FAHLGREN'S ZOOM ADDENDUM FOR CIVIL AND FAMILY PROCEEDINGS[1]**

Zoom will be the default for scheduled hearings, unless the parties file notice with the Clerk of Court that at least one (1) party intends to appear in person at least three (3) business days before the hearing. Said notice shall also be provided to the Court via email to astrickland@coj.net., and to all other parties by email, if possible.

Unless otherwise notified by Court Order or the Court's Judicial Assistant, the invitation to join the Court's Zoom™ Meeting for all family and civil hearings is:

https://zoom.us/j/5789782431

Meeting ID: 578 978 2431[2]
Passcode: QjJ0nH
Dial by your location +1 470 381 2552 US
Passcode: 706394

Parties shall name their Zoom profile with their legal names such that they can be easily identified.

For Zoom hearings involving exhibits, proposed orders, or copies of cases cited, the parties are directed to send these to the Court's judicial assistant, astrickland@coj.net, via email at least three (3) business days in advance of the hearing with copies to all parties who have not been defaulted as it custom and required by the Rules. **When the number of pages of the hearing materials exceed 50 pages, hard copies should be provided to the Court at least three (3) business days in advance of the hearing.** Emailed exhibits should be sent as one PDF file, or as few PDFs as possible, and include an index, cover sheets before each exhibit, and should be easily identified. Counsel submitting proposed orders should also furnish sufficient self-addressed stamped envelopes to the Court via mail for service of any orders when a party is not signed up for the e-portal. **The Court's physical and mailing address is 76347 Veterans Way, Yulee, FL 32097.** Please refer to Judge Fahlgren's published division procedures for more detailed information.

**Legal representation**: You may consult with an attorney regarding this case. If you cannot afford an attorney, you may contact a legal aid/legal services program or a lawyer referral

[1] Judge Fahlgren's Zoom Addendum for foreclosure matters is published separately.
[2] There is a separate Zoom link for foreclosure matters published separately.

service to determine whether you qualify for free or reduced-fee assistance. The Court cannot give legal advice and does not endorse any private attorney or organization. The law requires that all unrepresented people be treated as reasonably competent counsel.

All unrepresented parties shall file a designation of email address with the Clerk of Court and register for email service with the Florida Court's E-filing Portal at www.myflcourtacess.com forthwith, if they have not already done so. A sample designation of email address can be found at the link copied below.

https://www.flcourts.gov/content/download/403113/file/915.pdf

Those appearing before the Court without video via Zoom that intend to testify will likely need to be in the presence of a notary public for the purposes of being identified and sworn in. Those appearing remotely by video via Zoom planning to testify should be prepared to furnish the Court with a **picture identification such as their driver's license via video.**

While the Court is not required to record all Zoom hearings, the parties may request the Court do so. It is the parties' responsibility to arrange for a Court Reporter to attend the hearing, if so desired.

**REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES: If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator Michelle Watson, Robert M. Foster Justice Center, 76347 Veterans Way, Yulee, FL 32097, Telephone 904-548-4917, email ADA@nassauclerk.com at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**